IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**RICHARD WEBB and LESLIE STEWART**                                   **PLAINTIFFS**

vs.                                    No. 3:20-cv-3013-TLB

**SWISS HOLIDAY RESORT, LLC,**                                         **DEFENDANTS**
**and CHRISTINE MAZILI**

## ORIGINAL COMPLAINT

COME NOW Plaintiffs Richard Webb and Leslie Stewart (collectively "Plaintiffs") by and through their attorneys Daniel Ford and Josh Sanford of the Sanford Law Firm, PLLC, and for their Original Complaint against Swiss Holiday Resort, LLC, and Christine Mazili (collectively "Defendant" or "Defendants"), they do hereby state and allege as follows:

### I.    JURISDICTION AND VENUE

1.    Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), and Ark. Code Ann. § 11-4-405 for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiffs proper minimum wage and overtime compensation for all hours that Plaintiffs worked.

2. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Plaintiff's claims under the AMWA and Ark. Code Ann. § 11-4-405 form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4. Defendant conducts business within the State of Arkansas, operating and managing a motel in Eureka Springs.

5. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

6. The acts alleged in this Complaint had their principal effect within the Harrison Division of the Western District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II. THE PARTIES

7. Plaintiff Richard Webb ("Webb") is a citizen of the United States and a resident and domiciliary of Carroll County.

8. Webb was employed by Defendant as a salaried employee from August of 2019 to January of 2020.

9. Plaintiff Leslie Stewart ("Stewart") is a citizen of the United States and a resident and domiciliary of Carroll County.

10. Stewart was employed by Defendant as an hourly employee from March of 2019 until August of 2019 ("hourly tenure"), and as a salaried employee from August of 2019 to January of 2020 ("salaried tenure").

11. At all times material herein, Plaintiffs have been entitled to the rights, protections and benefits provided under the FLSA.

12. Separate Defendant Swiss Holiday Resort, LLC ("Swiss Holiday Resort"), is a domestic limited liability company.

13. Swiss Holiday Resort's registered agent for service is Stone Financial and Tax Center, PLLC, at 115 A East Van Buren, Eureka Springs, Arkansas 72632.

14. Separate Defendant Christine Mazili ("Mazili") is an individual and domiciliary of Arkansas.

15. Mazili is an owner, principal, officer and/or director of Swiss Holiday Resort.

16. Mazili managed and controlled the day-to-day operations of Swiss Holiday Resort, including but not limited to the decision to not pay Plaintiffs a proper minimum wage nor a sufficient premium for hours worked in excess of forty (40) per week.

17. Defendants own and operate an EconoLodge branded motel in Eureka Springs.

18. Defendant has at least two (2) employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

19. Plaintiffs themselves were engaged in interstate commerce in their employment with Defendant by booking reservations via telephone, by processing credit card payments from guests, and by checking guests in via the internet using the Choice Hotels website.

20. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

21. During each of the three years preceding the filing of this Original Complaint, Defendant continuously employed at least four (4) employees.

### III.   FACTUAL ALLEGATIONS

22. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

23. At all relevant times herein, Defendant was an "employer" of Plaintiffs within the meaning of the FLSA.

24. During January of 2020, Webb was misclassified by Defendant as a salaried employee and as exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.

25. During Stewart's hourly tenure, Stewart was an hourly employee, nonexempt from the overtime requirements of the FLSA.

26. During Stewart's salaried tenure, Stewart was misclassified by Defendant as a salaried employee and as exempt from the overtime requirements of the FLSA.

27. During the period relevant to this lawsuit, Plaintiffs worked at Defendant's EconoLodge and were primarily responsible for housekeeping, laundry, and front desk duties, such as checking guests in and out of the hotel and responding to guest requests.

28. At all relevant times herein, Defendant directly hired Plaintiffs to work in its hotel, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

29. Defendant's EconoLodge operates twenty-four (24) hours per day, seven (7) days per week.

30. Plaintiffs were frequently required to work from 6:30 AM until 10:00 PM, in addition to being on-call to respond to guest requests at all hours of the day or night.

31. Plaintiffs do not seek compensation for time spent merely "on call," but instead for actual "call-out" time when Plaintiffs were called upon to perform job duties after regular hours.

32. Defendant paid Webb $500.00 per week, regardless of how many hours he worked.

33. During Stewart's hourly tenure, she was paid for her time during the hotel's normal business hours, but was required to clock out each evening, despite Defendant's requirement that she continue to respond to guest requests and check in guests at the front desk as necessary.

34. During Stewart's hourly tenure, she worked approximately six (6) hours of off-the-clock work per week, which went unrecorded and uncompensated.

35. During Stewart's salaried tenure, Defendant paid Stewart $300.00 per week, regardless of how many hours she worked.

36. Stewart did not have the authority to hire or fire any other employee.

37. Stewart was not asked to provide input as to which employees should be hired or fired.

38. Stewart did not exercise independent judgment in carrying out her duties.

39. Defendant also provided rent-free apartments to Plaintiffs.

40. Plaintiffs worked in excess of forty (40) hours per week on a regular, typical basis while working for Defendant.

41. Defendants did not pay Plaintiffs one and one-half (1.5) times their regular rate for all hours worked over forty (40) in a week.

42. At all relevant times herein, Defendants have deprived Plaintiffs of sufficient overtime compensation for all of the hours they worked over forty (40) per week.

43. Plaintiffs were discharged from Defendant's employment in January of 2020.

44. Defendant withheld all or part of Plaintiffs' final paychecks. To date, Plaintiffs have not received their full and final paychecks.

45. Defendants knew or showed reckless disregard for whether their actions violated the FLSA.

### IV. FIRST CAUSE OF ACTION
### (Claims for Violation of the FLSA)

46. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

47. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

48. At all times relevant to this Complaint, Defendant has been Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

49. At all times relevant to this Complaint, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

50. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

51. During Stewart's hourly tenure, Defendant failed to pay Stewart for all hours worked, including failing to pay proper overtime compensation as required under 29 U.S.C. § 207.

52. During January of 2020, Defendant misclassified Webb as exempt from the overtime requirements of the FLSA.

53. During Stewart's salaried tenure, Defendant misclassified Stewart as exempt from the overtime requirements of the FLSA.

54. Despite the entitlement of Plaintiffs to overtime payments under the FLSA, Defendant failed to pay Plaintiffs an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each week.

55. Defendant failed to pay Plaintiffs minimum wage during the final pay period they worked for Defendant.

56. Defendant's failure to pay Plaintiffs all minimum wages and overtime wages owed was willful.

57. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this.

### V. SECOND CAUSE OF ACTION
(Claims for Violation of the AMWA)

58. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

59. Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq*.

60. At all times relevant to this Complaint, Defendant was Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

61. AMWA Sections 210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty and to pay 1.5x regular wages for all hours worked over forty hours in a week, unless an

employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

62. During Stewart's hourly tenure, Defendant failed to pay Stewart for all hours worked, including failing to pay proper overtime compensation as required under the AMWA.

63. During January of 2020, Defendant misclassified Webb as exempt from the overtime requirements of the AMWA.

64. During Stewart's salaried tenure, Defendant misclassified Stewart as exempt from the overtime requirements of the AMWA.

65. Despite the entitlement of Plaintiffs to overtime payments under the AMWA, Defendant failed to pay Plaintiffs an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each week.

66. Defendant failed to pay Plaintiffs minimum wage during the final pay period they worked for Defendant.

67. Defendant's failure to pay Plaintiffs all minimum wages and overtime wages owed was willful.

68. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the 3 years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

### VI. THIRD CAUSE OF ACTION
(Claims for Violation of Ark. Code Ann. § 11-4-405)

69. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

70. Plaintiffs assert this claim for damages and declaratory relief pursuant to Ark. Code Ann. § 11-4-405.

71. At all relevant times, Defendant was Plaintiffs' employer for purposes of Ark. Code Ann. § 11-4-405.

72. Ark. Code Ann. § 11-4-405 requires employers to pay all wages due to a discharged employee by the next regular payday.

73. Defendant discharged Plaintiffs but failed to pay Plaintiffs all wages due to them within the requisite time period.

74. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for, and Plaintiffs seek, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees

## VI.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Richard Webb and Leslie Stewart respectfully pray as follows:

A. That each Defendant be summoned to appear and answer herein;

B. Declaratory judgment that Defendant's practices alleged herein violate the FLSA and the AMWA;

C. Judgment for damages for all unpaid minimum wage and overtime wage compensation owed under the FLSA and the AMWA;

D. Judgment for liquidated damages pursuant to the FLSA and AMWA;

E. Judgment for damages and liquidated damages owed to Plaintiffs under Ark. Code Ann. § 11-4-405;

F. For a reasonable attorney's fee, costs, and all interest; and

G. Such other relief as this Court may deem just and proper.

Respectfully submitted,

**RICHARD WEBB and LESLIE STEWART, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

_____
Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com